**Andrew A. Bao (SBN 247092)**
***aabao@wolfewyman.com***
**Harijot S. Khalsa (SBN 277242)**
***hskhalsa@wolfewyman.com***
**WOLFE & WYMAN LLP**
**2175 N. California Blvd., Suite 645**
**Walnut Creek, CA 94596**
**Telephone: (925) 280-0004**
**Facsimile: (925) 280-0005**

**Attorneys for Defendant**
**SPECIALIZED LOAN SERVICING, LLC**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROBERTO H. VILLAFUERTE,

Plaintiff,

v.

SPECIALIZED LOAN SERVICING, LLC, and DOES 1-50, inclusive,

Defendants.

Case No.: 8:14-cv-00124-JLS-RNB

Honorable Josephine L. Staton

*(Orange County Superior Court, Case No. 30-2013-00694268-CU-OR-CJC)*

**DEFENDANT SPECIALIZED LOAN SERVICING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P., RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: March 14, 2014
Time: 2:30 p.m.
Dept.: 10A

Action Filed: December 19, 2013

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **March 14, 2014, at 2:30 p.m.,** or as soon thereafter as the matter may be heard, in **Courtroom 10A** of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, CA 92701, Defendant SPECIALIZED

LOAN SERVICING, LLC (hereinafter "SLS") will and hereby does move the Court for an order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), on the grounds that each claim therein fails to state a claim upon which relief can be granted.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Rule 7-3, counsel for SLS attempted to meet and confer with Plaintiff's counsel prior to filing this motion by written correspondence sent to Plaintiff's counsel on January 18, 2014 and January 29, 2014.

This Motion to Dismiss is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the records and pleadings on file herein and such other evidence as may be presented at the hearing on this Motion.

DATED: February 5, 2014

WOLFE & WYMAN LLP

By: */s/ Harijot S. Khalsa*
ANDREW A. BAO
HARIJOT S. KHALSA
Attorneys for Defendant
**SPECIALIZED LOAN SERVICING, LLC**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. SUMMARY OF PERTINENT FACTS AND ALLEGATIONS .......... 1

III. STANDARD OF REVIEW .......... 2

IV. ARGUMENT .......... 3

A. PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO SUPPORT HIS FIRST CAUSE OF ACTION FOR VIOLATION OF THE HOMEOWNER BILL OF RIGHTS .......... 3

i. Plaintiff Fails to Allege How the Notice of Default was Inaccurate .......... 3

ii. There Was no Violation of HBOR's Prohibition on Dual Tracking .......... 4

iii. Plaintiff Cannot Demonstrate a Material Violation of §2924.7 .......... 5

iv. California Law Does Not Require an Assignment of Deed of Trust to Be Recorded .......... 7

B. PLAINTIFF'S CAUSE OF ACTION FOR DECLARATORY RELIEF IS DUPLICATIVE .......... 8

C. PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT HIS CAUSE OF ACTION FOR VIOLATION OF CAL. BUS. & PROF. CODE § 17200 .......... 9

i. Plaintiff Lacks Standing to Bring a Claim for Violation of Business & Professions Code §17200 .......... 9

ii. Plaintiff Fails to Allege a Claim Under the Unlawful Prong .......... 10

iii. Plaintiff Fails to Allege a Claim Under the Fraudulent Prong .......... 10

iv. Plaintiff Fails to Allege a Claim Under the Unfair Prong .......... 11

D. PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO DEMONSTRATE A BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING .......... 12

IV. CONCLUSION .......... 13




WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

# TABLE OF AUTHORITIES

**Cases**

*Argueta v. J.P. Morgan Chase* (E.D. Cal. 2011) 2011 WL 2619060, at *6 ................ 10
*Ashcroft v. Iqbal* (2009) 129 S. Ct. 1937, 1949 ........................................................ 3
*Balistreri v Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699 ........................... 2
*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544 .................................................... 2
*Byars v. SCME Mortgage Bankers* (2003) 109 Cal.App.4th 1134, 1147 ..................... 11
*Calvo v. HSBC Bank USA* (2011) 199 Cal.App.4th 118 ............................................... 8
*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 181 ...................................................................... 9
*In Poe v. Francis* (1933) 132 Cal.App. 330 ................................................................ 8
*Jensen v. Quality Loan Service Corp.* (E.D. Cal. 2010) 702 F.Supp.2d 1183, 1189 ..... 9
*Knievel v. ESPN* (9th Cir. 2005) 393 F.3d 1068, 1076 ................................................ 3
*Kransco v. American Empire Surplus Lines Ins. Co.*, (2000) 23 Cal.4th 390, 400 ..... 12
*Lee v. City of Los Angeles* (9th Cir. 2001) 250 F.3d 668, 688-689 ............................... 3
*Lopez v. Wachovia Mortg.* (N.D. Cal., July 19, 2010) 2010 WL 2836823 *6, *7. 10, 11
*NL Industries, Inc. v. Kaplan* (9th Cir. 1986)792 F.2d 896, 898 .................................. 3
*Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F.3d 696, 699 .................................................. 2
*Parrino v. FHP, Inc.* (9th Cir. 1998) 146 F.3d 699, 705-706 ....................................... 3
*Pasadena Live, LLC v. City of Pasadena*, (2004) 114 Cal.App.4th 1089, 1094.......... 13
*Racine & Laramie, Ltd. v. Department of Parks & Recreation*,, (1992) 11 Cal.App.4th 1026, 1031 .......................................................... 12
*Richards v. Harper* (9th Cir. 1988) 864 F.2d 85, 88 ................................................ 3, 4
*Robertson v. Dean Witter Reynolds, Co.* (9th Cir. 1984) 749 F.2d 530, 534................. 2
*Rubio v. Capital One Bank* (9th Cir. 2010) 613 F.3d 1195, 1203–04.......................... 10
*Santens v. Los Angeles Finance Co.* (1949) 91 Cal.App.2d 197.................................... 7



W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

*Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917 .................................... 12
*Vess v. Ciba–Geigy Corp. USA*, (9th Cir.2003) 317 F.3d 1097, 1103–05 .................. 11
*Wilson v. Pac. Coast Title Ins. Co.* (1951) 106 Cal.App.2d 599 .................................. 7
*Wurtzberger v. Resmae Mortgage Corp.*(E.D.Cal. Apr. 29, 2010) 2010 WL 1779972.8

**Statutes**

*Cal. Bus. & Prof. Code* § 17204 ...................................................................... 10
*Cal. Civ. Code* § 2923.6(h) ........................................................................... 5
*Cal. Civ. Code* § 2923.7(b) ........................................................................... 6
*Cal. Civ. Code* § 2924.12(a)(1) ..................................................................... 6
Cal. Civ. Code § 2934a(b) ............................................................................... 8
Cal. Civ. Code § 2934a(d) ............................................................................... 8
*Cal. Civ. Code* §2923.6(c) ............................................................................. 5
*Cal. Civ. Code* §2923.6(d) ............................................................................. 5
*Cal. Civ. Code* §2923.7(a) ............................................................................. 6
*California Civil Code* § 2923.7(b) ................................................................. 7
*California Civil Code* §2923.6 ....................................................................... 5
*California Civil Code* §2923.7 ....................................................................... 6
*Civil Code* § 2924.17(a) ................................................................................. 4

**Rules**

*Federal Rule of Civil Procedure*, Rule 12(b)(6) .................................................. 2





W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a foreclosure avoidance action. Plaintiff Roberto Villafuerte's ("Plaintiff") Complaint against Specialized Loan Servicing, LLC ("SLS") primarily rests on allegations that SLS violated various provisions of the California Homeowner's Bill of Rights ("HBOR"). However, Plaintiff's Complaint is subject to dismissal as he has failed to allege sufficient facts to support any cause of action against SLS.

## II. SUMMARY OF PERTINENT FACTS AND ALLEGATIONS

Plaintiff alleges he obtained a loan from Bank of America on or about October 28, 2004 in the principal amount of $365,000.00 ("Subject Loan"), secured by property located at 629 South Newcastle Drive, Anaheim, CA 92804 ("Subject Property"). (Complaint ¶¶ 13-14.) Plaintiff signed a Deed of Trust ("Subject Deed of Trust") in connection with obtaining this loan. (*See* Deed of Trust, attached to Request for Judicial Notice ("RJN") as Exhibit 1.)

Plaintiff alleges he began to suffer financial hardship at the end of 2012. (Complaint ¶ 15.) He alleges he contacted SLS and applied for a loan modification in January 2013, but was denied for a loan modification on January 16, 2013 because the loan investor did not offer HAMP loan modifications. (Complaint ¶ 17 and Exhibit A.) Plaintiff alleges he continued to communicate with SLS for the next three months, sending in new loan modification documents. (Complaint ¶ 18.) In May 2013, Plaintiff contacted Keep Your Home California ("KYHC") to obtain assistance with a loan modification. He alleges he was pre-approved for up to $25,000 in assistance, but that SLS never informed him whether the loan investor would accept funds from the KYHC program. (Complaint ¶ 19 and Exhibit C.)

On September 14, 2013, SLS sent Plaintiff a loan modification denial letter, which informed him that SLS was not able not able to create an affordable payment



W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

for him. (Complaint ¶ 20 and Exhibit D.)

Plaintiff alleges that after he received the loan modification denial, he then hired a real estate agent to assist him with obtaining a loan modification. He alleges the agent submitted a complete loan modification package at an unspecified date. He alleges that he does not believe his loan is currently under review for a loan modification. (Complaint ¶¶ 20-21.)

Plaintiff also alleges that a NOD was recorded, although he does not specify the date when it was allegedly recorded. (Complaint ¶ 35.)

## III. STANDARD OF REVIEW

In relevant part, *Federal Rule of Civil Procedure*, Rule 12(b)(6) (hereinafter, "Rule 12(b)(6)") states that a party may assert a defense to a complaint based on the plaintiff's failure to state a claim upon which relief can be granted. (*Fed. R. Civ. Pro.*, R. 12(b)(6).) A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claim or claims stated in the complaint. (*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544.) As such, the Court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. (*Id*.)

A motion pursuant to Rule 12(b)(6) is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. (*Balistreri v Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699; *see also Robertson v. Dean Witter Reynolds, Co.* (9th Cir. 1984) 749 F.2d 530, 534.) In ruling on a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded allegations as true, and determine whether those allegations, if proved, establish a valid claim for relief. (*See Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F.3d 696, 699; *see also Bell Atlantic Corp. v. Twombly*, *supra*, 127 S.Ct. at 1965; *NL Industries, Inc. v. Kaplan* (9th Cir. 1986)792 F.2d 896, 898.)

However, the plaintiff bears the burden of pleading facts sufficient to state a



W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

claim and the Court will not supply a central element of a claim that a plaintiff did not plead. (*Richards v. Harper* (9th Cir. 1988) 864 F.2d 85, 88.) Conclusory statements in a complaint will not satisfy a plaintiff's burden of pleading and will not survive a motion to dismiss. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Ashcroft v. Iqbal* (2009) 129 S. Ct. 1937, 1949.)

Further, a Court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. (*Lee v. City of Los Angeles* (9th Cir. 2001) 250 F.3d 668, 688-689.) Moreover, documents referred to in the complaint may be attached to show that they do not support the plaintiff's claims. (*Knievel v. ESPN* (9th Cir. 2005) 393 F.3d 1068, 1076.) This rule extends to documents attached to a Rule 12(b)(6) motion, the authenticity of which is not contested and upon which plaintiff's complaint necessarily relies, even though the documents are nowhere mentioned in the complaint. This prevents plaintiffs from "deliberately omitting references to documents upon which their claims are based." (*Parrino v. FHP, Inc.* (9th Cir. 1998) 146 F.3d 699, 705-706.)

## IV. ARGUMENT

### A. PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO SUPPORT HIS FIRST CAUSE OF ACTION FOR VIOLATION OF THE HOMEOWNER BILL OF RIGHTS

Plaintiff's cause of action for violation of the Homeowner's Bill of Rights is not a model of clarity. However, Plaintiff appears to have four main complaints.

#### i. Plaintiff Fails to Allege How the Notice of Default was Inaccurate

First, Plaintiff alleges, without any explanation, that a Notice of Default was invalid as it does not reflect the correct amount Plaintiff actually owed. (Complaint ¶





WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW W&W

35.) With this allegation, he appears to be alleging a violation of Civil Code § 2924.17(a), which states "A declaration recorded pursuant to Section 2923.5 or, until January 1, 2018, pursuant to Section 2923.55, a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence."

However, Plaintiff's allegations are insufficient to demonstrate any violation of this section. Plaintiff has alleged no supporting facts or explanation as to why the Notice of Default was inaccurate. Nor has Plaintiff alleged sufficient facts to show the very existence of a Notice of Default. He does not allege when it was recorded, how much it states Plaintiff owed, and the reasons that Plaintiff owed this amount. [1] Plaintiff's lack of pleading facts is fatal to his claim. He bears the burden of pleading facts sufficient to state a claim and the Court will not supply a central element of a claim that a plaintiff did not plead. (*Richards v. Harper* (9th Cir. 1988) 864 F.2d 85, 88.)

**ii. There Was no Violation of HBOR's Prohibition on Dual Tracking**

Second, Plaintiff appears to be alleging that SLS violated the Homeowner Bill of Rights' prohibition on dual tracking of loan modifications and foreclosures. (Complaint ¶¶ 24, 32, 41.) Pursuant to *California Civil Code* §2923.6(c), if a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee,

---

[1] Indeed, Plaintiff appears to have been intentionally vague in his allegations, as in fact no Notice of Default has been recorded related to the Subject Loan.



WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW W&W

beneficiary, or authorized agent shall not record a notice of default until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested loan modification. (*Cal. Civ. Code* §2923.6(c).) If the decision is a denial, the notice of default cannot be recorded until the applicable appeals period has expired. (*Cal. Civ. Code* §2923.6(d).) An application shall be deemed "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer. (*Cal. Civ. Code* § 2923.6(h).)

Plaintiff's Complaint acknowledges that SLS issued Plaintiff with a written determination of his eligibility for a loan modification. (Complaint ¶ 20.) In fact, Plaintiff attached the denial letter to his Complaint. (*See* Complaint, Exhibit C.) Plaintiff does not allege any facts to suggest this denial letter did not comply with all requirements set forth in *California Civil Code* §2923.6.

Plaintiff has alleged that a Notice of Default was recorded, but has not alleged that it was recorded within the applicable appeals period proscribed by *California Civil Code* §2923.6(d). (Complaint ¶ 35.) Without such an allegation, Plaintiff has failed to plead facts sufficient to show a violation of Civil Code §2923.6.

**iii. Plaintiff Cannot Demonstrate a Material Violation of §2924.7**

Next, Plaintiff alleges that SLS failed to provide Plaintiff with a single point of contact, but was instead transferred from representative to representative who provided him conflicting information which ultimately placed his home in foreclosure proceedings. (Complaint ¶ 33.)

*California Civil Code* §2923.7 requires that upon the borrower's request for foreclosure prevention assistance, "the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." (*Cal. Civ. Code* §2923.7(a).) A single point of contact ("SPOC") means an individual or team of personnel each of





W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

whom has the ability and authority to perform the following responsibilities:

(1) Communicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options.

(2) Coordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application.

(3) Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.

(4) Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any.

(5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

(*Cal. Civ. Code* § 2923.7(b).)

However, in order to obtain relief for a violation of *California Civil Code* § 2923.7, a Plaintiff must show that the violation was *material*. (*Cal. Civ. Code* § 2924.12(a)(1).) Here, Plaintiff cannot demonstrate that any material violation has occurred. Initially, Plaintiff admits that he failed to make payments on the Subject Loan. (Complaint ¶ 17.) Thus, it was his admitted failure to make payments that led to any potential foreclosure sale. Moreover, as exhibits to Plaintiff's Complaint demonstrate, he was fully considered for a loan modification, and offered other loss mitigation options. (*See* Complaint Exhibit D.) Thus, Plaintiff has availed himself of all benefits a SPOC would offer, as set forth in *California Civil Code* § 2923.7(b). Therefore, Plaintiff cannot demonstrate that there has been any *material* violation of *California Civil Code* § 2923.7.



W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

**iv. California Law Does Not Require an Assignment of Deed of Trust to Be Recorded**

Last, Plaintiff alleges that SLS has no authority to foreclose because there was no executed or recorded Substitution of Trustee or assignment of Deed of Trust pursuant to Civil Code §§ 2932.5 and 2934. He alleges that the Trustee pursuant to the Deed of Trust executed by Plaintiff was DSL Service Company. (Complaint ¶ 34.)

Initially, it appears Plaintiff has simply cut and pasted allegations from an unrelated pleading while making his allegations. The Trustee in Plaintiff's Deed of Trust was PRLAP, Inc., not DSL Service Company as Plaintiff alleges. (*See* Deed of Trust, attached to RJN as Exhibit 1.)

However, setting aside this issue, California law does not require an Assignment of Deed of Trust to be recorded to initiate foreclosure. Indeed, it has been long held that an assignment of the beneficiary interest is a valid transfer of title even though it is not acknowledged or recorded. (*Wilson v. Pac. Coast Title Ins. Co.*, 106 Cal.App.2d 599, 602 (1951) [finding valid transfer of deed of trust occurred upon execution of transfer document, not the later recording].) In *Santens v. Los Angeles Finance Co*., 91 Cal.App.2d 197, 202 (1949), the court expressly held the assignment of an obligation secured by deed of trust did not require the recording of the assignment under section 2934. The mere assignment of the obligation effectuated the assignment of the deed of trust and there was no need for recording. (*Id*. at 202.) In *Poe v. Francis,* 132 Cal.App. 330, 336 (1933), the court rejected the contention that the lack of assignment of a deed of trust (much less the lack of a recorded assignment) rendered the assigned obligation unenforceable. The court noted: "On the point that there was no assignment of the trust deed after assignment of the note, we consider the assignment of the note sufficiently transferred the chose.…" (Id.) Significantly, in *Calvo v. HSBC Bank USA*, (2011)199 Cal.App.4th 118 , the appellate court affirmed





WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

that there is no statutory requirement that Assignment of Deed of Trust be recorded as a matter of law and ruled that *California Civil C*ode § 2932.5 only applies to mortgages and not deeds of trust. (*Id*. at 122.) Thus, Plaintiff cannot show that an Assignment of Deed of Trust must be recorded in order for Defendants to initiate foreclosure proceedings.

Moreover, *California Civil Code* § 2934a(a) expressly states that a trustee under the deed of trust may be substituted by simply recording a Substitution of Trustee executed by the beneficiary. (*Cal. Civ. Code* § 2934a(a).) "Once recorded, the substitution shall constitute conclusive evidence of authority of the substituted trustee or his or her agents to act pursuant to this section." (*Cal. Civ. Code* § 2934a(d); *also see Wurtzberger v. Resmae Mortgage Corp.*, 2010 WL 1779972, *6 (E.D.Cal. Apr. 29, 2010).) Hence, Plaintiff fails to assert a valid basis for any alleged violation of these sections of the California Civil Code.

For these reasons, Plaintiff has failed to state a claim upon which relief can be granted, and this cause of action should be dismissed.

**B. PLAINTIFF'S CAUSE OF ACTION FOR DECLARATORY RELIEF IS DUPLICATIVE**

Plaintiff's second cause of action seeks declaratory relief, apparently on the same allegations as set forth in his first cause of action. However, "Courts have recognized that where a party has a fully matured cause of action for money, the party must seek the remedy of damages, and not pursue a declaratory relief claim. Similarly, where a plaintiff has alleged a substantive cause of action, a declaratory relief claim should not be used as a superfluous second cause of action for the determination of identical issues subsumed within the first." (*Jensen v. Quality Loan Service Corp.* (E.D. Cal. 2010) 702 F.Supp.2d 1183, 1189) (internal quotations and citations omitted)

Here, Plaintiff's claim for declaratory relief appears to be wholly duplicative of



WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW W&W

his cause of action for Violation of the Homeowner's Bill of Rights. (*Compare, e.g.*, ¶¶ 34, 38; 35, 40; 32, 40.) Plaintiff's claim, if any, has fully matured under the Homeowner's Bill of Rights, and there is no need to litigate a superfluous second cause of action for the determination of identical issues subsumed within his other cause of action. For this reason, the Court should dismiss his cause of action for Declaratory Relief.

### C. PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT HIS CAUSE OF ACTION FOR VIOLATION OF CAL. BUS. & PROF. CODE § 17200

Plaintiff's third cause of action alleges a violation of the Business and Professions Code section 17200 under the unfair, unlawful, and fraudulent prongs. Business and Professions Code section 17200 is written in the disjunctive, as it establishes three varieties of unfair competition—unlawful, unfair, or fraudulent business practices. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co*. (1999) 20 Cal.4th 163, 181.)

#### i. Plaintiff Lacks Standing to Bring a Claim for Violation of Business & Professions Code §17200

Standing to bring a claim under this statute requires "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." (Argueta v. J.P. Morgan Chase (E.D. Cal. 2011) 2011 WL 2619060, at *6; *citing* Cal. Bus. & Prof. Code § 17204.) "To have standing, a plaintiff must sufficiently allege that (1) he has lost money or property…and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact." (Rubio v. Capital One Bank (9th Cir. 2010) 613 F.3d 1195, 1203–04; *see also* Cal. Bus. & Prof. Code § 17204.)

Here, Plaintiff has not pleaded facts to support these elements. Plaintiff alleges he "has lost money in late penalties and legal fees have accrued." (Complaint ¶53.)





WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW W&W

These allegations are insufficient. Plaintiff does not allege facts showing what the late penalties were caused by any wrongful conduct on SLS's part, nor does he state what the late penalties were. In fact, Plaintiff concedes he fell delinquent in his loan payments. (Complaint ¶ 17.) Thus, late penalties would be warranted in this case. Here, Plaintiff appears to merely be reciting elements of his claim, without alleging facts to support these elements. This is not sufficient to demonstrate standing to bring a cause of action for Violation of Business & Professions Code §17200.

**ii. <u>Plaintiff Fails to Allege a Claim Under the Unlawful Prong</u>**

To allege a business practice is unlawful, Plaintiff must allege a predicate statute was violated. "A defendant cannot be liable under Section 17200 for committing "unlawful" business practices without having violated another law." (*Lopez v. Wachovia Mortg.* (N.D. Cal., July 19, 2010) 2010 WL 2836823 *6.) Here, Plaintiff appears to base his claim of unlawful practices based on a violation of the California Homeowner's Bill of Rights, and Civil Code §1095. (*See* Complaint ¶¶ 50, 52.) As to the former, as set forth above, Plaintiff cannot successfully state such a cause of action. As to the latter, Plaintiff has merely made a conclusory statement, without offering any facts to support his allegations. As such, Plaintiff has failed to identify a violation of a predicate statute, and cannot state a cause of action for violation of Section 17200 under the "unlawful" prong.

**iii. <u>Plaintiff Fails to Allege a Claim Under the Fraudulent Prong</u>**

"Allegations of fraudulent conduct under Section 17200 must satisfy the heightened pleading requirements of Rule 9(b). Rule 9(b) demands that averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. The plaintiff must set forth what is false or misleading about a statement, and why it is false." (*Lopez v. Wachovia Mortg.* (N.D. Cal., July 19, 2010) 2010 WL 2836823 *7, citing *Vess v. Ciba–Geigy Corp. USA*, (9th Cir.2003) 317 F.3d 1097, 1103–05.) Here, Plaintiff's allegations fail to meet this heightened pleading

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

standard.

Here, Plaintiff's cause of action is entirely unclear as to what fraudulent statements or practices actually occurred. Plaintiff has not pleaded with particularity any fraudulent conduct that occurred, has not stated who made any alleged fraudulent statements, on whose authority these fraudulent statements were made, and how Plaintiff relied on the alleged fraudulent statements. As such, Plaintiff has failed to state a claim upon which relief can be granted for violation of the fraudulent prong of Section 17200.

**iv. Plaintiff Fails to Allege a Claim Under the Unfair Prong**

To allege a business practice is unfair, plaintiff must allege the "conduct threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.'" (*Byars v. SCME Mortgage Bankers* (2003) 109 Cal.App.4th 1134, 1147.) In the alternative, a practice is unfair if it violates public policy that is "tethered" to specific constitutional, statutory or regulatory provisions. (*Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917.)

Here, Plaintiff alleges that SLS engaged in unfair business practices related to the Homeowner's Bill of Rights, and several other conclusory statements regarding actions related to recording of documents. Plaintiff's offer no explanation as to how these issues were unfair. However, as set forth above, SLS has not violated HBOR. Nor has Plaintiff alleged any other facts sufficient to support a claim that SLS violated some specific constitutional, statutory or regulatory provision. Thus, Plaintiff has failed to state a claim upon which relief can be granted for violation of the unfair prong of Section 17200.

///

///







W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

**D. PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO DEMONSTRATE A BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

In his fourth cause of action, Plaintiff alleges SLS breached the implied covenant of good faith and fair dealing implicit in "their agreement / contract." (Complaint ¶ 57.) "There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." (*Kransco v. American Empire Surplus Lines Ins. Co.*, (2000) 23 Cal.4th 390, 400.) "The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation." (*Racine & Laramie, Ltd. v. Department of Parks & Recreation*, (1992) 11 Cal.App.4th 1026, 1031.) "The implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract." (*Pasadena Live, LLC v. City of Pasadena*, (2004) 114 Cal.App.4th 1089, 1094.)

Here, it appears Plaintiff is alleging the Deed of Trust was the "agreement / contract" that was breached, although this is somewhat unclear. (*See* Complaint ¶ 59.) However, Plaintiff does not allege *how* SLS breached the implied covenant of good faith or fair dealing, and does not point to an express term of the contract that was breached. Nor does Plaintiff explain how SLS deprived him of the benefits of the Deed of Trust. For these reasons, Plaintiff has failed to state a claim upon which relief can be granted, and this cause of action should be dismissed.

///

///

///

///

///







W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

## IV. CONCLUSION

Plaintiff's Complaint fails to allege facts essential to Plaintiff's ability to pursue any of the causes of action asserted. For the reasons set forth above, Defendant SLS respectfully requests that its Motion to Dismiss be granted, without leave to amend.

DATED: February 5, 2014

WOLFE & WYMAN LLP

By: *_/s/ Harijot S. Khalsa_*
ANDREW A. BAO
HARIJOT S. KHALSA
Attorneys for Defendant
**SPECIALIZED LOAN SERVICING, LLC**

W&W WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF ORANGE** )

I, Matt Tran, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2301 Dupont Drive, Suite 300, Irvine, California 92612-7531.

On February 5, 2014, I served the document(s) described as **DEFENDANT SPECIALIZED LOAN SERVICING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P., RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☒ **BY MAIL**: as follows:

☒ **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC MAIL** as follows: I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case. Upon completion of the electronic transmission of said document(s), a receipt is issued to the servicing party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒ **FEDERAL** I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on February 5, at Irvine, California.

Matt Tran

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**SERVICE LIST**
**Orange County Superior Court [Case No.: 30-2013-00694268-CU-OR-CJC]**
**United States District Court [Case No. 8:14-cv-00124-JLS-RNB]**
**ROBERTO H. VILLAFUERTE v. SPECIALIZED LOAN SERVICING, LLC**
**W&W File No. 1465-002**
**[Revised: 01/29/2014]**

Randal A. Whitecotton
WHITECOTTON LAW, LLP
900 N. Broadway, 8th Floor
Santa Ana, CA 92701

Attorney for Plaintiff

Tel: (714) 428-2800
Fax: (714) 252-6302
Email:rwhitecotton@whitecottonlaw.com

