Randal A. Whitecotton (SBN: 152950)
COMMUNITY LAW CENTER
900 N. Broadway, 8th Floor
Santa Ana, California 92701
Tel. (714) 426-2800
Fax. (714) 252-6302
randy@clawcenter.com

Attorney for Plaintiff,
ROBERTO H. VILLAFUERTE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO H. VILLAFUERTE,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC; and DOES 1through 50, inclusive,<br><br>Defendants. | Case No.: **8:14-cv-00124-JLS-RNB**<br><br>*(Orange County Superior Court Case No.30-2013-00694268-CU-0R-CJC)*<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE: **April 11th, 2014**<br>TIME: **2:30 p.m.**<br>DEPT: **10A**<br><br>Action filed on December 19, 2013 |

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on April 11th, 2014 at 2:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 10A of the above entitled Court located at United States Courthouse, 411 West Fourth Street, Room 1053, Santa

Ana, CA 92701-4516.  Roberto Villafuerte will move the court for an order, pursuant to 28 U.S.C. § 1447(c), remanding this action to the Superior Court in and for the County of Orange and granting attorney's fees and costs to Plaintiff.

Plaintiff moves for remand on the grounds that:

Plaintiff's complaint does not raise a substantial federal question that is necessary to resolution of any of California's claims.

California's motion for remand is based on this notice of motion and motion to remand, the memorandum of law filed in support of this motion, and such other and further evidence and argument, both written and oral, as may be presented to the Court before the motion is submitted for decision.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff asks this Court to remand this action to state court. Removal to federal court was improper because no basis for removal appears on the face of the complaint.

On or about October 28, 2004, Plaintiff refinanced his home by executing a Note and Deed of Trust in the amount of $365,000.00 with BANK OF AMERICA, N.A.

Plaintiff made payments on the refinance loan with due diligence, until he started to suffer hardship on or about the end of 2012 because his employer reduced his hours and Plaintiff was no longer making the same amount of money.

Plaintiff looked for part time jobs to bring up his current income, but he was not able to find another job.

Plaintiff applied for a loan modification with Defendants, but he was told that in order to be able to qualify for a loan modification Plaintiff was required to be in a hardship, which he was.  However, at the time of his initial inquiry with Defendants, Plaintiff was current with his payments.  Plaintiff explained to the agent of the bank that he was suffering loss of income and wanted to act sooner before spending money he saved in his reserves.  Defendants told Plaintiff that he was not able to qualify for anything and they denied his application.

Plaintiff made all payments in a timely manner and according to the terms of the loan through BANK OF AMERICA, N.A. until the loan was transferred to Defendant, SPECIALIZED LOAN SERVICING, LLC (hereinafter "SLS").

Although Plaintiff's monthly payments became unaffordable, he worked very hard to make ends meet, but he reached a point where he was no longer able to keep making payments and fell behind.  Plaintiff applied for a loan modification again in January 2013 and submitted a complete package with all of his financial information, but he quickly received a computer generated denial letter stating that the "investor" does not participate with the Home Affordable Modification Program ("HAMP").

However, the real estate agent who sold Plaintiff the home told him that, both BANK OF AMERICA, N.A. and Defendant SLS participate in HAMP.

Plaintiff repeatedly sent several loan modification applications to SLS several times over a three month period.  On or about April 2013, Plaintiff received information from SLS requiring the same information he already provided to SLS over the three month period.   Nonetheless, Plaintiff sent the proper information again.  Plaintiff tried to contact an SLS representative named Marie to get more information regarding his loan, but he was only able to leave voice-mail messages.

Plaintiff started to panic about the whole situation and contacted Keep Your Home California ("KYHC") to request relief.  KYHC also told and confirmed with Plaintiff SLS participated in HAMP and KYHC pre-approved Plaintiff's application to repay the past due balance, but Plaintiff was waiting for a response from SLS to accept the funds.

A representative from SLS contacted Plaintiff and told him they were waiting for a reply from an investor regarding the KYHC program.  Plaintiff asked the representative if he could tell him the name of the investor, but the SLS representative refused to disclose the true identity of said "investor" and only stated it was BANK OF AMERICA, N.A.

Despite the fact Plaintiff's loan was being reviewed for a modification, Defendant informed Plaintiff that it was not able to create an affordable payment for him and ultimately and intentionally refused to work with KYHC in order to bring the loan current.

Plaintiff hired a real estate agent to assist him with the loan modification

package because he started to realize his lack of education was placing him at a severe disadvantage.  The real estate agent contacted a representative of SLS and the representative of SLS instructed Plaintiff to submit another new loan modification application.  The real estate agent submitted Plaintiff's completed loan modification package under HAMP guidelines.

Plaintiff, however, has made little progress.  Defendant gave and continues to give Plaintiff the run-around and promises Plaintiff the loan modification application is under review, however, nothing came out of it.

On December 19, 2013, Plaintiff filed a claim in the State for violation of California Statutes. On or about the same day, December 19, 2013, Defendant SLS removed Plaintiff's action in the District Court pursuant to 28 U.S.C. § 1441(b) under the diversity of citizenship of parties.

Plaintiff now requests and moves the Court to remand his State claim action back to State Court.

## II.    ARGUMENT

### A. REMOVAL IS NOT PROPER BECAUSE DEFENDANT DID NOT ASSERT A CLAIM INVOLVING A FEDERAL QUESTION IN ITS COMPLAINT

#### 1)  The Defendant Has the Burden of Demonstrating That Removal Is Proper

Defendants always have the burden of proving removal was proper, and alleges that the Corporation formed from Delaware State and the location of

business operation is in Colorado, but at the same time is registered and makes business with the state of California. However, Defendant has failed to establish if there is a Federal question in the motion for removal. The Removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Prize Frieze, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Consequently, if a Plaintiff challenges the Defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

**2) Defendants' Diversity Jurisdiction claim fails because they are entitled to do business in California.**

Defendant conducts business in the State of California and allegedly is the party entitled to receive funds from Plaintiff loan in California.

Defendant's Notice of Removal alleges that "based upon information and belief," Plaintiff is a resident and citizen of the State of California which Plaintiff offers no objection, but also states SLS is incorporated in the State of Delaware with its principal place of business in the State of Colorado, yet Defendant fails to assert its own citizenship for diversity purposes. **(Notice of Removal at 2 ¶ 4)**

Defendant also fails to establish the citizenship of the DOE Defendants 1-50. As a party seeking to invoke diversity jurisdiction, Defendant should be able to allege affirmatively, the actual citizenship of relevant parties.  Plaintiff has yet to

discover the identity of DOE Defendants 1-50.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *See Kanter v. Warner-Lambert Co.*, 265 F.3d at 857; *See also, Bryant v. Ford Motor Co.*, 794 F.2d 450, 451 (9th Cir. 1986) ("the district court lacked jurisdiction over this action because of the presence of potentially non-diverse Doe defendants at the time of removal from state court.").

It is proper to consider the DOE Defendants in determining whether removal is proper, even though the DOE Defendants have not been served.  *Apelian v. U.S. Shoe Corp.*, 664 F.Supp. 1370, 1372 (9th Cir. 1987); *See also, Preaseau v. Prudential Ins. Co. of America*, 591 F.2d 74, 78 ("the Ninth Circuit held that diversity was destroyed and that Defendant could not remove "if the citizenship of any codefendant, joined by the Plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon co-defendant").   Where the identity of alleged defendants is not known prior to the filing of the complaint, "plaintiff should be given an opportunity through discovery to identify the unknown defendants."  *Gillispie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1968).   In conclusion, Doe defendants are citizens of California which is the State in which the federal court sits.  *See Apelian v. U.S. Shoe Corp.*, 664 F.Supp. at 1372. Remanding the action will effectuate the policies of preventing removal where one defendant is a citizen of the forum state and thus would not be prejudiced against

in the state court". *See Apelian v. U.S. Shoe Corp.*, 664 F.Supp. at 1372.

Furthermore, none of the DOE Defendants, as forum defendants, have been served with Plaintiff's action at the time Defendant served its Notice of Removal on Plaintiff.  Due to the nature, quality, and substance of Plaintiff's State claims, DOE Defendants are integral to his State claims because DOE Defendants claim to have a property interest in the subject property.  Namely, DOE Defendants 1-50 claim some right, title, estate, lien, or interest in the subject property, adverse to Plaintiff's own title.  Each of these claims constitutes a cloud on Plaintiff's title to the subject property from which Plaintiff seeks relief.  Failure to comply with the forum defendant rule renders removal procedurally defective. *Lively v. Wild Oats Markets, Inc*., 456 F.3d 933, 936 (2006).

Therefore, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction. Thus, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction.

### 3)  Plaintiff's Complaint Contains Causes of Action Arising Entirely under State Law

Plaintiff's complaint asserts causes of action which all arose entirely under State law. There are no causes of action or issues specified in the complaint which arise under the Constitution, laws, or treaties of the United States.   In fact, the complaint is devoid of any mention of any provisions of the Constitution, laws or treaties of the United States. Therefore since on the face of the complaint, there is

no federal question, the Court lacks subject matter jurisdiction over this action. *Rivet v. Regions Bank,* 522 U.S. at 476.

### 4) Plaintiff's Claim does *not* exceed $75,000.00.

Plaintiff is suing for damages that are related to loan modification and Defendants' failure of a good faith review of Plaintiff's loan modification application under the *California Homeowners Bill of Rights* ("HBOR"). Here, Plaintiff wishes to keep his home which was the basis of his claim against Defendants. Under HBOR law the fines per each incident are $7,000.00 up to 50,000.00 in total.

According to Defendant SLS's Removal, (Page 5 ¶ 1)**,** "In actions seeking declaratory relief or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).  In contrast to SLS's contention, Plaintiff is not seeking a declaratory relief or injunctive relief as his loan is not in default or in a pre-foreclosure stage.  Hence, it is premature to assume that the value of his claim is the value of his home or the amount of his existing loan.

Defendant provides "if the primary purpose" of Plaintiff's "lawsuit is to enjoin a bank from selling or transferring property, then the property is subject to the litigation."  *Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785 (N.D. Cal June 29, 2010).  Under federal law 26 U.S. Code § 581:

PLAINTIFF'S MOTION TO REMAND

the term "bank" means a bank or trust company incorporated and doing business under the laws of the United States (including laws relating to the District of Columbia) or of any State, a substantial part of the business of which consists of receiving deposits and making loans and discounts, or of exercising fiduciary powers similar to those permitted to national banks under authority of the Comptroller of the Currency, and which is subject by law to supervision and examination by State, Territorial, or Federal authority having supervision over banking institutions. Such term also means a domestic building and loan association.

SLS, as alleged in Plaintiff's State claim is merely a diversified financial loan servicer and is not effectively a bank, because although it is incorporated and doing business under the laws of the United States, it is not authorized to receive deposits and make loans and discounts nor does it have authority to exercise fiduciary powers similar to those permitted by national banks under the authority of the Comptroller of the Currency because it merely functions as a third-party servicer. Plaintiff is seeking from SLS a good faith review of the current status of his loan in order for him to be able to make affordable monthly mortgage payments on the loan. Plaintiff is, and always was, the owner and borrower of his home loan as of 2002 even prior to his current refinance loan currently serviced by SLS. Therefore, the object of Plaintiff's State claim or litigation, is for relief on his loan, not selling or transferring the property of his home. Again, it is premature to assume that the value of Plaintiff's claim is the value of his home or the amount of his existing loan because Plaintiff's loan is not in default or in a pre-foreclosure stage.

While Plaintiff does not dispute his stricken financial hardship and late mortgage payments, his loan is not in default.  Plaintiff's claim is based on Defendant's violations of the newly enacted law in California, HBOR for failure to provide Plaintiff with a single point of contact and verification of documents under the provisions of HBOR. These violations do not go beyond the District Court's threshold of over $75,000.00 amount of controversy.  In addition, Defendants' removal basis is devoid of argument how they came up with the amount of controversy in excess of $75,000.

In sum, SLS failed to show the prerequisite for removal to federal jurisdiction, failure to do so - the District Court is required to remand a case to State Court. Also, if, at any time before final judgment, it determines that it lacks subject matter jurisdiction, Court is required to remand this case to State court. 28 U.S.C. § 1447(c). Unlike personal or territorial jurisdiction, lack of subject matter jurisdiction cannot be waived.

**II. CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that this Court remand this action back to Orange County Superior Court.

DATED:  March 4th, 2014

BY: _/s/ Randal A. Whitecotton_

RANDAL A. WHITECOTTON, ESQ.

## <u>CERTIFICATE OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF ORANGE

      I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 900 N Broadway 8th Floor. Santa Ana, CA 92701.

On March 5, 2013, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated on the attached service list:

[ X  ] **BY MAIL** – I deposited such envelope in the mail at **Santa Ana**, California. The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at <u>Santa Ana</u>, California I the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[  ] **BY PERSONAL SERVICE** – I caused such envelope to be delivered by a process server employed by_____.

[  ] **VIA FACSIMILE** – I faxed said document, to the office(s) of the address(s) shown above, and the transmission was reported as complete  and without error.

[  ] **BY ELECTRONIC TRANSMISSION** – I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(s) indicated.
**aabao@wolfewyman.com**
**hskhalsa@wolfewyman.com**

[  ] **BY OVERNIGHT DELIVERY** – I deposited such envelope for collection and delivery by _____with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by _____.They are deposited with a facility regularly maintained by _____ for receipt on the same day in the ordinary course of business.

[ X ]   (Federal)     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **March 5, 2014** at **Santa Ana**, California.

                                _____/s/ David Morales_____
                                      DAVID MORALES